IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PUT CORPORATION d/b/a )
HAULTAIL, )
 )
               Plaintiff, )
 )
    v. )         1:22-CV-881
 )
R. J. REYNOLDS TOBACCO )
COMPANY, )
 )
              Defendant. )

## ORDER

Defendant R. J. Reynolds Tobacco Company asks the Court to impose sanctions against plaintiff Put Corporation, d/b/a Haultail, contending that Haultail did not give Reynolds all of the audio recordings of phone calls between Haultail representatives and Reynolds customers, despite a court order. All such customer service calls were recorded, but in response to Reynolds' discovery requests and a court order, Haultail turned over only 23 recordings. There is no evidence that Haultail made any effort to obtain or preserve the nondisclosed audio files from the third-parties who purportedly managed those files on Haultail's behalf. And Haultail did not tell Reynolds about the existence of those third-party vendors until the last day of discovery, despite long-standing discovery requests from Reynolds, two motions to compel, and a court order that it turn over the files.

From the beginning of the case, Haultail relied on the contents of these audio files for its defamation claim and for other factual assertions made in its original and amended

complaints. *See, e.g.*, Doc. 15 at ¶ 85 (amended complaint); *see also* Doc. 15-3 (spreadsheet of statements allegedly made by Reynolds' representatives to customers). It thus had a duty to preserve such electronic information "for another's use as evidence in pending or reasonably foreseeable litigation." *Silvestri v. Gen. Motors Corp.*, 271 F.3d 583, 590 (4th Cir. 2001). Even if a party "does not own or control the evidence, he still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence." *Id.* at 591; *In re Ethicon, Inc. Pelvic Repair Sys. Prod. Liab. Litig.*, 299 F.R.D. 502, 511 (S.D.W. Va. 2014).

If Haultail did not preserve the audio files, it violated the provisions of Federal Rule of Civil Procedure 37(e). If it did preserve those files, it did not comply with a court order requiring it to turn over all the audio files. *See* Text Order 10/04/2023 (ordering Haultail to "produce any additional responsive documents" to this and other discovery requests by October 18, 2023).[1] Beyond Haultail's repeated conclusory assertions that it has provided all audio files in its possession and control, *see* Doc. 89 at 9, Haultail has provided no clear explanation of the steps it took to preserve these audio files, and it has never provided any evidence of if or when it tried to get all of the audio files from its third-party vendors.

Whether those files have been lost because Haultail failed to take reasonable steps to preserve them, *see* FED. R. CIV. P. 37(e), or Haultail has those files and simply refused

---

[1] An earlier motion to compel addressed to this and other discovery requests by Reynolds was denied as moot after Haultail represented that it had turned over all documents. Text Order 06/14/2023; *see also* discussion *infra*.

to produce them in the face of a court order, *see* FED. R. CIV. P. 37(b)(2)(A), sanctions are appropriate if Reynolds has been prejudiced. *Eshelman v. Puma Biotech., Inc.*, No. 16-CV-18, 2017 WL 2483800, at *4 (E.D.N.C. June 7, 2017) (requiring a showing of prejudice for Rule 37(e)(1) sanctions); *Belk v. Charlotte-Mecklenburg Bd. of Educ.*, 269 F.3d 305, 348 (4th Cir. 2001) (requiring consideration of the amount of prejudice before imposing sanctions under Rule 37(b)(2)). But Reynolds has not shown such prejudice, so sanctions are not appropriate at this time.

The information in these audio files is no longer likely to lead to relevant evidence or to be material at trial. Haultail relied on statements by customers in these calls to support its defamation claim, and that claim has been dismissed. *See* Doc. 91 at p. 8 ¶ 1. The Court also dismissed Haultail's breach of contract and tortious interference claims, to which information in these calls might potentially be relevant. *Id.* Statements by Haultail representatives to customers have little if anything to do with the issues remaining for trial, such as when Reynolds paid Haultail and whether Reynolds owes Haultail money on unpaid invoices, *see id.* at 2–4; whether Haultail damaged product after the contract was terminated, *id.* at 7; and whether Haultail overcharged Reynolds. *Id.* Reynolds' assertions to the contrary are speculative. *See Ethicon*, 299 F.R.D. at 523 (holding speculation "that missing evidence would have been favorable to the party seeking sanctions is insufficient" to support sanctions (cleaned up)).

That said, if and when Haultail affirmatively makes reference to the conversations between Haultail representatives and Reynolds customers, or if and when the content of those conversations otherwise becomes relevant, the Court will re-evaluate this matter at

3

trial at the request of Reynolds made outside the presence of the jury. This does not mean that Reynolds may ask irrelevant questions about the audio files and use those questions to bootstrap a request for sanctions.

The Court rejects Haultail's contention that Reynolds' motion for sanctions is not timely. Doc. 89 at 3–4. During discovery, Reynolds gave due regard to the health problems of Haultail's executive, *see, e.g.*, Doc. 42-5, but eventually filed a motion to compel. Doc. 42. That motion was denied as moot when Haultail told the Court it had produced responsive materials. *See* Text Order 06/14/2023. After depositions made it clear that not all the audio files had been produced, Reynolds again filed a motion to compel, Doc. 52, and obtained a court order requiring production. *See* Text Order 10/04/2023. Only then, on the last day of discovery, did Haultail finally mention these third-party vendors, and Haultail continued to assert that it had produced all audio files. *See* Doc. 84-3 at 2. Reynolds filed this motion for sanctions well before trial. *See* Doc. 84 (motion filed Dec. 19, 2023); Docket Entry 01/10/2024 (trial set for Feb. 26, 2024).

It is **ORDERED** that the defendant's motion for sanctions, Doc. 84, is **DENIED** without prejudice to renewal at trial outside the jury's presence if and when Haultail affirmatively makes reference to the conversations between Haultail representatives and Reynolds customers or otherwise when the content of such calls becomes relevant.

This the 14th day of February, 2024.

_____
UNITED STATES DISTRICT JUDGE